# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| JAMES FINCH, Individually and For Others Similarly Situated<br><br>v.<br><br>MERIDIAN SERVICES GROUP, LLC f/k/a WORK MANAGEMENT, INC. | **Case No.** _____<br><br>Jury Trial Demanded<br><br>Rule 23 Class Action |

## ORIGINAL CLASS ACTION COMPLAINT

### SUMMARY

1.      James Finch (Finch) brings this class action lawsuit to recover unpaid overtime wages and other damages from Meridian Services Group, LLC f/k/a Work Management, Inc. (Meridian) for violations of the Kentucky Wage and Hour Act (KWHA).

2.      Finch worked for Meridian as an hourly employee.

3.      Finch and the Kentucky Straight Time Employees (as defined below) regularly worked more than 40 hours a week.

4.      But Meridian did not pay Finch and the Kentucky Straight Time Employees overtime.

5.      Instead of paying overtime as required by the KWHA, Meridian classified Finch and the Kentucky Straight Time Employees as exempt from

overtime and paid them the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek (or "straight time for overtime").

6.      Meridian never paid Finch or the Straight Time Employees on a "salary basis."

7.      In addition to Finch and the Kentucky Straight Time Employees' hourly pay, Meridian uniformly paid these employees a per diem for each day they worked.

8.      But Meridian never included these per diems in calculating Finch and the Kentucky Straight Time Employees' regular rates of pay for overtime purposes.

9.      Thus, Meridian violated the KWHA by failing to pay Finch and the Kentucky Straight Time Employees overtime at rates not less than 1.5 times their regular rates of pay – based on *all* remuneration received – for all hours worked in excess of 40 hours in a workweek.

10.      This class action seeks to recover the unpaid overtime wages and other damages owed to Finch and the Kentucky Straight Time Employees.

## JURISDICTION & VENUE

11.      This Court has original subject matter jurisdiction over this matter pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

12.     Specifically, upon information and belief:

a. the matter in controversy is believed to exceed $5,000,000;

b. at least one member of Finch's proposed class and Meridian are citizens of different states (indeed, Finch is a Texas citizen and Meridian is a Georgia citizen); and

c. Finch's proposed class is believed to exceed 50 members.

13.     This Court has general personal jurisdiction over Meridian because Meridian is a domestic limited liability company that maintains its headquarters in Greensboro, Georgia.

14.     Venue is proper because Meridian maintains its headquarters in Greensboro, Georgia, which is in this District and Division. 28 U.S.C. § 1391(b)(2).

**PARTIES**

15.     Finch worked for Meridian as a Scheduler from approximately April 2022 to October 2022.

16.     Throughout his employment, Meridian classified Finch as exempt from overtime and paid him the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek.

17.     Throughout his employment, Meridian also paid Finch a daily per diem, which Meridian never included in calculating Finch s regular rate of pay for overtime purposes.

18.     Finch brings this action on behalf of himself and all other similarly situated workers who Meridian paid straight time for overtime in Kentucky.

19.     Meridian paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek in violation of the KWHA.

20.     The Putative Class of similarly situated employees is defined as:

> **All current and former employees of Meridian Services Group, LLC f/k/a Work Management, Inc. who worked in Kentucky and were paid the same hourly rate for all hours worked (or "straight time for overtime") at any time during the past 3 years ("Kentucky Straight Time Employees").**

21.     Meridian is a domestic limited liability company that maintains its headquarters in Greensboro, Georgia.

22.     In 2021, Work Management, Inc. and High Bridge Associates, Inc. merged to create Meridian.

23.     Meridian can be served with process by serving its registered agent:

**Steve R. Maehr, 1021 Parkside Commons, Suite 103, Greensboro, Georgia 30642**, or wherever he may be found.

## FACTS

24.     Meridian is a recruitment and staffing company that "serves over 100 clients in 30 states[,] … includ[ing] power generation companies, gas and electric

transmission & distribution companies, petrochemical companies, EPC contractors, and equipment manufacturers."

25.    Meridian "was formed in 2021 as a strategic merger of the commercial business of High Bridge Associates, Inc. and Work Management, Inc."[1]

26.    To meet its business objectives, Meridian hires employees, including Finch and the Kentucky Straight Time Employees, who it assigns to provide services to its clients across the country.

27.    Meridian uniformly classifies these employees as exempt and pays them the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek in violation of the KWHA.

28.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practice for similar work.

29.    For example, Finch worked for Meridian as a Scheduler from approximately April 2022 to October 2022.

30.    Throughout his employment, Meridian paid Finch the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

---

[1] *Id.*

31.     Specifically, Meridian paid Finch approximately $90 for every hour he worked, including those in excess of 40 in a week, as well as a daily per diem of $125 (or $625/week).

32.     While Meridian purports to pay Finch and the Straight Time Employees a "salary," this purported "salary" bears no "reasonable relationship … between the guaranteed amount and the amount actually earned[.]"

33.     This is because Finch and the Straight Time Employees regularly work far in excess of any purported "salary" each workweek.

34.     In fact, Finch and the Kentucky Straight Time Employees typically worked 10-14 hours per day, for 6-7 days each week.

35.     Thus, Finch and the Kentucky Straight Time Employees' purported "salaries" (based usually on 32 hours prior to 2023) bear no reasonable relationship to the amount they actually earned (based on their 60+ hours actually worked).

36.     All the Kentucky Straight Time Employees perform similar job duties, work similar hours, and are denied overtime at the proper premium rates as a result of the same illegal pay practice.

37.     Meridian uniformly paid Finch and the Kentucky Straight Time Employees under its straight time for overtime pay scheme.

38.     Meridian uniformly failed to include Finch's and the Kentucky Straight Time Employees' per diem payments in calculating these employees' regular rates of pay for overtime purposes.

39.     Finch and the Kentucky Straight Time Employees regularly worked over 40 hours in a week.

40.     Finch and the Kentucky Straight Time Employees worked in accordance with the schedule set by Meridian and/or its clients.

41.     The hours Finch and the Kentucky Straight Time Employees worked are reflected in Meridian's records.

42.     Instead of paying overtime as required by the KWHA, Meridian paid Finch and the Kentucky Straight Time Employees the same hourly rate for all hours they worked, including those in excess of 40 hours in a workweek.

43.     Meridian's "straight time for overtime" pay scheme violates the KWHA because it deprives Finch and the Kentucky Straight Time Employees of overtime at the proper premium rates for the hours they work in excess of 40 hours in a workweek.

44.     Further, Meridian uniformly pays Finch and the Kentucky Straight Time Employees per diems.

45.     For example, throughout his employment, Meridian paid Finch a per diem ($125/day).

46.     But Meridian does not include these per diem payments in its calculations of Finch and the Kentucky Straight Time Employees' regular rates of pay for overtime purposes.

47.     Thus, by failing to include Finch and the Kentucky Straight Time Employees' per diem payments in calculating these employees' regular rates of pay for overtime purposes, Meridian's uniform payment scheme violates the KWHA because it deprives Finch and the Kentucky Straight Time Employees of overtime pay at rates not less than 1.5 times their regular rates of pay – based on all remuneration received – for the hours they work in excess of 40 hours in a single workweek

48.     Meridian is aware, or should have been aware, that it was subject to the KWHA, including its overtime requirements.

49.     Meridian is aware, or should have been aware, that the KWHA required it to pay Finch and the Kentucky Straight Time Employees overtime at rates not less than 1.5 times these employees' regular rates of pay – based on all remuneration received – for all hours worked in excess of 40 hours in a workweek.

50.     Meridian is aware, or should have been aware, that Finch and the Kentucky Straight Time Employees were non-exempt from the KWHA's overtime provisions and, therefore, entitled to overtime pay.

51.     Meridian is aware, or should have been aware, that Finch and the Kentucky Straight Time Employees regularly worked more than 40 hours in a workweek because it expected and required these workers to do so.

52.     Meridian knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the KWHA.

53.     Nonetheless, Meridian did not pay Finch and the Straight Time Employees overtime at rates not less than 1.5 times these employees' regular rates of pay – based on all remuneration received – for all hours worked in excess of 40 hours in a workweek in violation of the KWHA.

54.     Meridian knowingly, willfully, or in reckless disregard carried out this illegal pay scheme that deprived Finch and the Kentucky Straight Time Employees of overtime compensation at the proper premium rates in violation of the KWHA.

55.     Meridian's failure to pay Finch and the Kentucky Straight Time Employees overtime compensation at the proper premium rates was neither reasonable, nor was the decision not to pay these employees overtime at the proper premium rates made in good faith.

CLASS ACTION ALLEGATIONS

56.     Finch brings his KWHA claim on behalf of himself and the other Kentucky Hourly Workers pursuant to Fed. R. Civ. P. 23.

57.     Meridian's conduct violates the KWHA (K.R.S. §§ 337.010, *et seq*.).

58.     At all relevant times, Meridian was subject to the KWHA because Meridian was (and is) an "employer" within the meaning of the KWHA. K.R.S. § 337.010(1)(d).

59.     Numerous individuals were victimized by Meridian's pattern, practice, and policy of paying its workers, including Finch and the Kentucky Straight Time Employees, straight time for overtime, which is in willful violation of the KWHA.

60.     Numerous other Kentucky Straight Time Employees worked with Finch and indicated they were paid in the same manner (straight time for overtime) and performed similar work.

61.     Based on his experience and tenure with Meridian, Finch is aware that that the illegal practices Meridian imposed on him were likewise imposed on the Kentucky Straight Time Employees.

62.     The Kentucky Straight Time Employees are similarly situated in all relevant respects.

63.     Meridian's failure to pay Finch and the Kentucky Straight Time Employees overtime wages at the rates required by the KWHA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Kentucky Straight Time Employees.

64.     The specific job titles or precise job locations of the Kentucky Straight Time Employees do not prevent class treatment.

65.     Finch has no interest contrary to, or in conflict with, the Kentucky Straight Time Employees.

66.     Like each Kentucky Straight Time Employee, Finch has an interest in obtaining the unpaid overtime wages owed to them under the KWHA.

67.     A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

68.     Absent this class action, the Kentucky Straight Time Employees likely will not obtain redress of their injuries, and Meridian will reap the unjust benefits of violating the KWHA.

69.     Even if some of the Kentucky Straight Time Employees could afford individual litigation against Meridian, it would be unduly burdensome to the judicial system.

70.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

71.     The questions of law and fact that are common to Finch and each Kentucky Straight Time Employee predominate over any questions affecting solely the individual members.

72.     Among the common questions of law and fact are:

    a.     Whether Meridian's illegal straight time for overtime pay practice was applied uniformly to all Kentucky Straight Time Employees;

    b.     Whether Finch and the Kentucky Straight Time Employees were exempt from overtime;

    c.     Whether Meridian's straight time for overtime pay scheme satisfies the salary basis test;

    d.     Whether Finch and the Kentucky Straight Time Employees' per diem payment must be included in Meridian's calculation of these employees' regular rates of pay for overtime purposes;

    e.     Whether Meridian's decision to not pay Finch and the Kentucky Straight Time Employees overtime at the required premium rate was made in good faith; and

    f.     Whether Meridian's violations of the KWHA were willful.

73.     Finch's claims are typical of the claims of the Kentucky Straight Time Employees.

74.     Finch and the Kentucky Straight Time Employees sustained damages arising out of Meridian's illegal and uniform employment policies and practices.

75.    Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts.

76.    Therefore, the issue of damages does not preclude class treatment.

77.    Meridian is liable under the KWHA for failing to pay overtime to Finch and the Straight Time Employees.

78.    Consistent with Meridian's illegal pay policy, Finch and the Kentucky Straight Time Employees were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

79.    As part of its regular business practices, Meridian intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the KWHA with respect to Finch and the Kentucky Straight Time Employees.

80.    Meridian's illegal pay and classification policies deprived Finch and the Kentucky Straight Time Employees of the premium overtime wages they are owed under Kentucky law.

81.    There are many similarly situated Kentucky Straight Time Employees who have been denied overtime pay in violation of the KWHA who would benefit from this lawsuit.

82.    Those similarly situated workers are known to Meridian, are readily identifiable, and can be located through Meridian's business and personnel records.

## CAUSE OF ACTION
## VIOLATIONS OF THE KWHA
## (CLASS ACTION)

83.    Finch incorporates paragraphs 1-82 by reference.

84.    Finch brings his KWHA claim on behalf of himself and the other Kentucky Straight Time Employees pursuant to Fed. R. Civ. P. 23.

85.    Meridian's conduct violates the KWHA (K.R.S. §§ 337.010, *et seq*.).

86.    At all relevant times, Meridian was subject to the KWHA because Meridian was (and is) an "employer" within the meaning of the KWHA. K.R.S. § 337.010(1)(d).

87.    At all relevant times, Meridian employed Finch and the other Kentucky Straight Time Employees as its covered "employees" within the meaning of the KWHA. K.R.S. § 337.010(1)(e).

88.    The KWHA requires employers, like Meridian, to pay non-exempt employees, like Finch and the other Kentucky Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek. K.R.S. § 337.285.

89.    Finch and the other Kentucky Straight Time Employees are entitled to overtime wages under the KWHA.

90.    Meridian violated, and is violating, the KWHA by employing Finch and the Kentucky Straight Time Employees for workweeks longer than 40 hours

without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

91.    Meridian's unlawful conduct harmed Finch and the other Kentucky Straight Time Employees by depriving them of the overtime wages they are owed.

92.    Accordingly, Meridian owes Finch and the other Kentucky Straight Time Employees the difference between the overtime wages actually paid and the proper overtime wages actually earned for at least the last three years. *See* K.R.S. § 337.385(5).

93.    In violating the KWHA, Meridian acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Kentucky law.

94.    Thus, Meridian is also liable to Finch and the other Kentucky Straight Time Employees for an additional amount equal to all unpaid wages as liquidated damages. *See* K.R.S. § 337.385(1).

95.    Finally, Finch and the other Kentucky Straight Time Employees are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action. *See* K.R.S. § 337.385(1).

## JURY DEMAND

96.    Finch demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Finch individually, and on behalf of the Kentucky Straight Time Employees, prays for the following relief:

a.    An Order certifying this lawsuit as a class action on behalf of the putative class of Kentucky Straight Time Employees;

b.    An Order appointing Finch and his counsel to represent the interests of the Kentucky Straight Time Employees;

c.    An Order finding Meridian liable to Finch and the other Kentucky Straight Time Employees for all unpaid overtime wages owed under the KWHA, plus liquidated damages in an amount equal to their unpaid wages;

d.    An Order awarding attorneys' fees, costs, and expenses;

e.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f.    All such other and further relief to which Finch and the other Kentucky Straight Time Employees may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ C. Ryan Morgan*
C. Ryan Morgan
GA Bar No. 711884
**MORGAN & MORGAN, PA**

16

20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
(407) 420-1414 – Telephone
(407) 245-3401 – Facsimile
rmorgan@forthepeople.com

Michael A. Josephson*
Lead Trial Counsel
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR FINCH
& KENTUCKY STRAIGHT TIME
EMPLOYEES**

17