```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

JAMES FINCH, *individually and*         \*
*for others similarly situated*,
                                        \*
    Plaintiff,
                                        \*
vs.                                           CASE NO. 3:24-CV-82 (CDL)
                                        \*
MERIDIAN SERVICES GROUP, LLC,
                                        \*
    Defendant.
                                        \*

## O R D E R

James Finch brought this putative class action lawsuit to recover unpaid overtime wages and other damages from Greensboro, Georgia-based Meridian Services Group, LLC under the Kentucky Wage and Hour Act.  Finch worked for Meridian in Kentucky for approximately six months in 2022, and he seeks to represent a class of all current and former Meridian employees who worked in Kentucky and were paid the same hourly rate for all hours worked, including hours worked in excess of forty hours in a workweek.  Meridian contends that this action should be dismissed under the "first to file" rule, which aims to avoid competing lawsuits with overlapping issues and parties in separate jurisdictions.  *See, e.g., Broward Bulldog, Inc. v. U.S. Dep't of Just.*, 939 F.3d 1164, 1196 (11th Cir. 2019) (noting that the first-filed rule exists because "two courts of equal authority should not hear the same case

simultaneously") (quoting *UtahAmerican Energy, Inc. v. Dep't of Lab.*, 685 F.3d 1118, 1124 (D.C. Cir. 2012)).

The basis for Meridian's motion is that Finch was a potential plaintiff in a Fair Labor Standards Act collective action pending in this Court: *Stirling v. Meridian Services Group, LLC.* See Order Conditionally Certifying Class, ECF No. 69 in 3:23-CV-40 (M.D. Ga. June 6, 2024). Finch received a Court-authorized notice, to which Meridian consented, advising him that "eligible workers who do not join [the *Stirling*] litigation may lose their rights to seek to recover overtime for work performed in the past for Meridian, *unless they bring a new, separate case*." Mot. to Approve Notice Ex. 1, Proposed Notice, ECF No. 76-1 in 3:23-CV-40 (M.D. Ga. June 27, 2024) (emphasis added). Finch did not opt in to the *Stirling* collective action. Instead, he brought this action, "a new, separate case." Accordingly, Finch is not a party in *Stirling* and has no claim remaining in that action. *See* 29 U.S.C. § 216 ("No employee shall be a party plaintiff to [an FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Court is not convinced that the "first to file" rule applies under these circumstances, where the second-filed case was brought in the same jurisdiction as the first-filed case and the plaintiff in the second-filed case has no interest in the first-filed case. But the Court finds it unnecessary to decide

that issue today because the Court is not satisfied that it has subject matter jurisdiction.

Federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) (quoting *Dupree v. Owens*, 92 F.4th 999, 1004 (11th Cir. 2024)). Here, Finch asserts that subject matter jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). "CAFA vests district courts with diversity jurisdiction over putative class actions where (1) the proposed class has 100 or more members; (2) at least some members of the proposed class have different citizenship from some defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1220 (11th Cir. 2020) (citing 28 U.S.C. § 1332(d)(2), (6)); *accord* 28 U.S.C. § 1332(d)(5)(B) (requiring at least 100 putative class members). Finch does allege that he is a Texas citizen while Meridian is a Georgia citizen. Compl. ¶ 12(b). He also summarily alleges that the amount in controversy "is believed to exceed $5,000,000." *Id.* ¶ 12(a). But Finch does not allege that there are at least 100 putative class members. Instead, he alleges that the "proposed class is believed to exceed 50 members." *Id.* ¶ 12(c). Therefore, the Complaint on its face does not plausibly allege subject matter jurisdiction under CAFA.

The Court acknowledges that it is possible Finch may be able to replead his Complaint with allegations that establish CAFA jurisdiction, including the number of proposed class members with claims under the Kentucky Wage and Hour Act and a clear factual basis for the assertion that the amount in controversy for this overtime wage action likely exceeds $5,000,000 in the aggregate. If Finch believes in good faith that he has information which, if pled, would establish CAFA jurisdiction, he shall file an amended complaint by January 9, 2025.  If no amendment is filed by January 9, 2025, the Court will dismiss this action without prejudice.  If an amended complaint is filed, Meridian has the right to file a good faith motion to dismiss it.  Meridian's presently pending motion to dismiss (ECF No. 9) is terminated as moot.

IT IS SO ORDERED, this 23rd day of December, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA