IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES FINCH, | * |
| Plaintiff, | * |
| vs. | * |
| MERIDIAN SERVICES GROUP, LLC, | * |
| Defendant. | * |

CASE NO. 3:24-CV-82 (CDL)

O R D E R

James Finch worked for Greensboro, Georgia-based Meridian Services Group, LLC on a project in Kentucky. He claims that Meridian did not pay him overtime wages to which he was entitled. Finch was a potential plaintiff in a Fair Labor Standards Act collective action pending in this Court: *Stirling v. Meridian Services Group, LLC*. *See* Order Conditionally Certifying Class, ECF No. 69 in 3:23-CV-40 (M.D. Ga. June 6, 2024). Finch received a Court-authorized notice, to which Meridian consented, advising him that "eligible workers who do not join [the *Stirling*] litigation may lose their rights to seek to recover overtime for work performed in the past for Meridian, *unless they bring a new, separate case*." Mot. to Approve Notice Ex. 1, Proposed Notice, ECF No. 76-1 in 3:23-CV-40 (M.D. Ga. June 27, 2024) (emphasis added). Finch did not opt in to the Stirling collective action. Accordingly, Finch is not a party in *Stirling* and has no claim in

that action. See 29 U.S.C. § 216 ("No employee shall be a party plaintiff to [an FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Instead, Finch brought this action, "a new, separate case."

In his original complaint in this action, Finch brought claims only under the Kentucky Wage and Hour Act, and he sought to represent a class of similarly situated individuals. He asserted that subject matter jurisdiction existed under the Class Action Fairness Act, but his complaint on its face did not plausibly allege subject matter jurisdiction under that statute. *See* Order (Dec. 23, 2024), ECF No. 18. The Court gave Finch an opportunity amend his complaint, and he did. In the operative complaint, Finch asserts claims only on behalf of himself under both the Fair Labor Standards Act and the Kentucky Wage and Hour Act. Meridian contends that the present action should be dismissed under the first-filed rule or that it should be consolidated with the *Stirling* action. As discussed below, Meridian's motion (ECF No. 20) is denied.

DISCUSSION

Meridian acknowledges that Finch declined to pursue his Fair Labor Standards Act claims in the *Stirling* action, that he is not a party in the *Stirling* action, and that Finch instead filed a new, separate action. Meridian nonetheless argues that this action

should be dismissed under the first-filed rule, which "provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co.*, 713 F.3d 71, 78 (11th Cir. 2013). Accordingly, if "two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id.* (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)). The point of the rule is to prevent duplicative lawsuits in different courts with the same or substantially similar parties and issues; it is meant to minimize the risk that one district court may infringe on the authority of another district court. As Meridian notes in its brief, the rule applies "where the issues presented" in the second-filed action "can be resolved in an earlier-filed action pending in another district court." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985).

Here, the two cases are both before the same judge in the same Court, so there is no danger of one district court infringing on another district court's authority. Meridian's first-filed argument fails for that reason alone. Moreover, there is no substantial similarity between the parties. Although the defendant is the same in both actions, there is no overlap of the

3

plaintiffs. Meridian emphasizes that the parties need not be identical for the first-filed rule to apply, relying on out-of-circuit district court cases. But Meridian misses a critical point in those cases: the parties in the first-filed action sought or opposed the same declaratory relief as the parties in the second-filed action, so a decision on the merits would affect the parties the same way. *See generally Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159 (N.D. Okla. 2010) (competing actions for a declaration regarding eligibility of persons listed on the "Freedmen Roll" to participate in tribal elections); *Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *1 (D.N.M. June 3, 2015) (competing declaratory judgment actions between an insured and its insurers). That is not the situation here. While Finch's overtime claims may be similar to the claims of the individuals who opted in to the first-filed *Stirling* action, there is no way for Finch's claims to be resolved in that action. Finch did not opt in to the *Stirling* action, and the time for opting in has passed. Thus, Finch cannot seek relief in the *Stirling* action, and no one in that action can obtain relief for him. Meridian did not cite any authority, binding or persuasive, applying the first-filed rule to dismiss a later-filed action brought by a plaintiff who would not be entitled to any relief in the first-filed case, and the Court finds that its equitable authority under the first-

4

filed rule cannot extend so far. For all these reasons, the first-filed rule does not apply.

Meridian contends that if this action is not dismissed under the first-filed rule, the Court should consolidate this action with the *Stirling* action. Federal Rule of Civil Procedure 42 provides that a court "may" consolidate two actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). There is likely some legal and factual overlap between the *Stirling* action and this one, particularly regarding Meridian's pay practices for employees who Meridian contends were exempt from overtime under the Fair Labor Standards Act's salary basis exemption. The Court, though, finds that consolidation is inappropriate because the cases are at such different litigation stages. In this case, discovery has not yet begun, while discovery is already closed in *Stirling* and a summary judgment motion is pending. Given how far apart the two cases are procedurally, the Court finds that consolidation is not appropriate. The Court likewise concludes that there is no reason to stay this action pending resolution of the *Stirling* action.

The Court understands that Meridian is concerned about duplicating discovery in this action that it already provided in the *Stirling* action, where the plaintiffs are represented by some of the same lawyers who represent Finch. The Court, though, finds this issue can be addressed by structuring discovery in this action

to avoid duplication of what was already completed in the *Stirling* action.  The parties, for example, should agree that discovery Meridian produced in the *Stirling* case may be used as if produced in this case.  They should also agree that it is unnecessary to re-depose witnesses who were deposed in the *Stirling* action except as their testimony may relate specifically to the Plaintiff here.  And when such testimony relates specifically and uniquely to this action, they should place limitations on depositions of witnesses who were deposed in the *Stirling* action to avoid unnecessary duplication.  The Court expects counsel to work out these issues when they hold the scheduling conference.

## CONCLUSION

For the reasons set forth above, the Court denies Meridian's motion to dismiss the amended complaint (ECF No. 20).

IT IS SO ORDERED, this 28th day of March, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
